UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RANAE NAITOKO, | ) |
| | ) CASE NO. C12-1411-JLR-MAT |
| Petitioner, | ) |
| | ) |
| v. | ) REPORT AND RECOMMENDATION |
| | ) |
| JEFFREY UTTECHT, | ) |
| | ) |
| Respondent. | ) |

INTRODUCTION AND SUMMARY CONCLUSION

Petitioner Ranae Naitoko proceeds *pro se* and *in forma pauperis* in this 28 U.S.C. § 2254 habeas action. He is in custody pursuant to a 2005 conviction of two counts of first-degree assault and one count of unlawful possession of a firearm in the first degree. (Dkt. 19, Ex. 1.) King County Superior Court sentenced petitioner to 375 months confinement. (*Id*.) That sentence runs concurrently with another sentence, in cause number 04-1-09794-7, not challenged in the current petition. (*See id*. and Dkt. 8)

Petitioner raises two grounds for relief in his habeas petition. (Dkt. 8.) Respondent

REPORT AND RECOMMENDATION
PAGE -1

filed an answer to the petition with relevant portions of the state court record.  (Dkts. 17 & 19.)  Respondent argues that the petition is untimely under the federal statute of limitations, 28 U.S.C. § 2244(d).  Petitioner did not respond to the answer.  The Court has reviewed the record in its entirety.  For the reasons discussed below, the Court agrees with respondent that this action is time-barred, and recommends that the petition be DENIED and this action DISMISSED.

Petitioner appealed his conviction and sentence.  (Dkt. 19, Ex. 2.)  On June 18, 2007, the Washington Court of Appeals affirmed the judgment and sentence.  (*Id*., Ex. 5.)  Petitioner petitioned for review.  (*Id*., Ex. 6.)  By Order dated October 31, 2007, the Washington Supreme Court denied review.  (*Id*., Ex. 7.)

Petitioner submitted a personal restraint petition on November 13, 2008.  (*Id*., Ex. 8.)  The Court of Appeals issued an Order of Partial Dismissal & Transfer on April 1, 2009, ordering an evidentiary hearing on plaintiff's ineffective assistance of counsel claim and dismissing the remaining claims.  (*Id*., Ex. 11.)  Following an evidentiary hearing, the Superior Court concluded that, although counsel failed to conduct an appropriate investigation by failing to speak to potential defense witnesses prior to trial, there was no prejudice in light of the strength of the State's case and the fact that the defense witnesses were either not credible or provided testimony inconsistent with petitioner's trial testimony.  (*Id*., Ex. 12.)  The Court, therefore, found no basis for a new trial.  (*Id*.)

Petitioner appealed the findings of the Superior Court.  (*Id*., Ex. 13.)  The Court of Appeals, in an April 25, 2011 opinion, found no error in the findings of the Superior Court and affirmed the dismissal of the personal restraint petition.  (*Id*., Ex. 17.)  Petitioner sought

REPORT AND RECOMMENDATION
PAGE -2

review and the Washington Supreme Court, on September 6, 2011, denied the petition for review.  (*Id.*, Ex. 19.)

Petitioner filed a second personal restraint petition in the Washington Supreme Court on September 14, 2011.  (*Id.*, Ex. 20.)  By Order dated June 7, 2012, the Commissioner of the Supreme Court dismissed the petition as time-barred.  (*Id.*, Ex. 23.)  Petitioner submitted a habeas petition to this Court signed on August 14, 2012.  (Dkt. 8.)

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to § 2254 habeas actions.  28 U.S.C. § 2244(d)(1).  That period of limitation usually commences when the criminal judgment becomes final under state law; specifically "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"  § 2244(d)(1)(A).  The period of direct review ordinarily includes the ninety-day period in which a petitioner may file a petition for writ of certiorari with the United States Supreme Court, whether or not the petitioner actually files such a petition. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999); *see also* Sup. Ct. Rule 13(1).  The one year limitations period is tolled for any properly filed collateral state challenge to the pertinent judgment or claim.  28 U.S.C. § 2244(d)(2).

In this case, the statute of limitations began to run on the date on which the judgment became final through the conclusion of direct review or the expiration of time for seeking direct review.  § 2244(d)(1)(A).  Considering the addition of ninety days to the Washington Supreme Court's October 31, 2007 denial of review (Dkt. 19, Ex. 7), petitioner's statute of limitations began to run as of January 29, 2008.  The statute ran for 289 days, until November 13, 2008, when petitioner filed his personal restraint petition.  (*Id.*, Ex. 8.)  The personal

REPORT AND RECOMMENDATION
PAGE -3

restraint petition tolled the statute of limitations until September 6, 2011, the date the Washington Supreme Court denied review.  (*Id*., Ex. 19.)

Petitioner filed his second collateral challenge on September 14, 2011.  (*Id*., Ex. 20.)  However, the one-year limitations period for filing a § 2254 action is tolled for any "properly filed" collateral state challenge to the pertinent judgment or claim.  28 U.S.C. § 2244(d)(2).  A personal restraint petition deemed time-barred in state court is not properly filed and does not, therefore, toll the statute of limitations.  *Pace v. DiGuglielmo,* 544 U.S. 408, 417 (2005) ("[W]e hold that time limits, no matter their form, are 'filing' conditions.  Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *accord Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007); *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005).   Because the state court found petitioner's petition time-barred under state law (Dkt. 19, Ex. 23), its filing did not toll the federal statute of limitations.  As such, petitioner's statute of limitations ran for an additional 343 days between the September 6, 2011 Washington Supreme Court denial of review and the submission of his habeas petition signed on August 14, 2012.  (*Id*., Ex. 19 and Dkt. 8.)

In sum, a total of 632 days elapsed between the date the statute of limitations began to run and the filing of petitioner's habeas petition.  As argued by respondent, the petition is time-barred.

The statute of limitations is subject to equitable tolling.  *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010); *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir. 2003).  Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it

REPORT AND RECOMMENDATION
PAGE -4

impossible to file a petition on time and the extraordinary circumstances were the cause of his untimeliness." *Laws*, 351 F.3d at 922 (internal quotation marks and quoted source omitted). To be entitled to equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace*, 544 U.S. at 418) (emphasis deleted). In other words, equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999).

In this case, petitioner does not assert any basis for equitable tolling. (*See* Dkt. 8 at 14.) Nor is there any apparent basis for finding extraordinary circumstances beyond petitioner's control inhibiting his ability to timely pursue his claims and entitling him to the equitable tolling of the federal statute of limitations.

Because petitioner filed his habeas petition outside of the § 2254 statute of limitations period, and because petitioner has not demonstrated he is entitled to tolling of that period, his petition is time-barred under § 2244(d). The Court, therefore, recommends that petitioner's federal habeas petition be DENIED and this case DISMISSED. Additionally, because petitioner has not made "a substantial showing of the denial of a constitutional right[]" 28 U.S.C. § 2253(c)(2), the Court concludes that he is not entitled to a certificate of appealability with respect to his claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (a petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.") A proposed order accompanies

01 this Report and Recommendation.

02    DATED this 25th day of January, 2013.

04    _____
      Mary Alice Theiler
05    United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -6